101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Keith L. DESANTO, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 95-4127.
 United States Court of Appeals, Second Circuit.
 March 22, 1996.
 
 APPEARING FOR PETITIONER: Keith L. DeSanto, New York, NY, pro se
 APPEARING FOR RESPONDENT: Jacob H. Stillman, Associate General Counsel, United States Securities and Exchange Commission, Washington, D.C.
 S.E.C.
 REVIEW DENIED.
 Before FEINBERG, WALKER, Jr., and PARKER, Circuit Judges.
 
 
 1
 Petition for review of an order of the Securities and Exchange Commission.
 
 
 2
 This cause came on to be heard on the transcript of record from the Securities and Exchange Commission and was argued.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the Securities and Exchange Commission's order is hereby DENIED.
 
 
 4
 Petitioner Keith L. DeSanto, a securities salesman, seeks review of an order of the Securities and Exchange Commission ("SEC"), which sustained disciplinary action taken against him by the National Association of Securities Dealers, Inc. ("NASD") for engaging in unauthorized transactions in customer accounts. We have jurisdiction over the petition for review pursuant to 15 U.S.C. § 78y(a)(1).
 
 
 5
 On appeal, DeSanto argues primarily that he should have been allowed to introduce a certain tape recording into evidence before the District Committee of the NASD. The recording was allegedly of a telephone conversation made in 1990 between DeSanto and one of the customers whose account was at issue. At the hearing before the District Committee, DeSanto testified that he had recorded a conversation in which he attempted to persuade the customer to withdraw his complaint. The District Committee agreed to leave the record open for submission of the tape, and DeSanto's counsel agreed to supply it together with a transcript. Following the hearing, DeSanto personally delivered a tape to NASD's New York office. However, he did not attach a cover letter or transcript. NASD, via regional counsel, subsequently informed DeSanto's then-counsel that (1) no transcript had been submitted; (2) the recorded conversation had several breaks which indicated that portions of the conversation might be missing or that the tape might have been altered; (3) the time and date of the conversation could not be ascertained; and (4) there were unidentified voices on the tape. NASD's counsel asked DeSanto's counsel to respond in writing to a series of questions addressing these concerns and to specify whether there was a recording of a complete conversation between DeSanto and the customer in question. Neither DeSanto nor his counsel replied to this request or to a follow-up request made a few days later. The 1990 tape was therefore excluded from evidence. In a hearing before the National Business Conduct Committee ("NBCC"), the NASD's appellate tribunal, the decision to exclude the tape was upheld. The SEC denied DeSanto's request for a new evidentiary hearing and rendered its decision without considering the tape. After his petition for review was filed, DeSanto filed a motion in this court to have the case remanded to the SEC so that it could consider additional evidence: a second tape allegedly of a conversation recorded in 1993. On October 31, 1995, we denied DeSanto's remand motion. DeSanto does not appear to be challenging that ruling here. Rather, he appears to be challenging only the SEC's denial of a new evidentiary hearing to consider the 1990 tape and its decision on the merits.
 
 
 6
 As we have previously noted, "[a]dministrative findings of fact are conclusive if they are supported by substantial evidence." Markowski v. SEC, 34 F.3d 99, 104 (2d Cir.1994). Furthermore, "[w]e review conclusions of law for arbitrariness, capriciousness and abuse of discretion." Id. (quoting Higgins v. SEC, 866 F.2d at 49). The SEC's finding that DeSanto's efforts to introduce the tape were rejected primarily because he failed to submit a transcript of the tape, or explain several discrepancies surrounding the tape, when requested, is substantially supported by the record. In addition, we are unable to find that the SEC abused its discretion in denying DeSanto's request for a new evidentiary hearing.
 
 
 7
 Accordingly, we deny the petition for review.